**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DON DURANT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-39 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Caiazza |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the District Court grant
the Plaintiff's Motion for Summary Judgment (Doc. 8), deny the
Defendant's Motion for Summary Judgment (Doc. 10), and remand
this case for further administrative proceedings.

**II.   REPORT**

The Plaintiff Don Durant, Jr. ("Mr. Durant" or "the
Claimant") has filed this social security appeal, challenging the
ALJ's decision dated July 26, 2005.  *See generally* Compl.
(Doc. 3); Pl.'s Br. (Doc. 9).  The ALJ found Mr. Durant suffered
the severe impairment of mild mental retardation and the non-
severe impairment of affective disorder, but that those
conditions did not preclude him from performing a limited range

of very heavy work.  *See* ALJ's Decision, R. at 19.[1]  The

vocational expert testified that an individual with Mr. Durant's

limitations could perform jobs that existed in significant

numbers in the national economy, and the ALJ found the Claimant

not disabled at step five of the sequential analysis.  *See id.*

Unfortunately for the Commissioner, the ALJ's analyses

cannot withstand judicial scrutiny at steps two and three.

First is the determination that Mr. Durant's affective

disorder was non-severe.  *See* ALJ's Decision, R. at 15.

The ALJ's decision offers only a conclusory statement, with no

explanation why the impairment imposed "no more than a minimal

effect on [the Claimant's] ability to work."  *See* McCrea v.

Commissioner of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004)

(citations and internal quotations omitted).  Even assuming his

determination to be correct, the ALJ failed to "sufficiently

articulate his assessment of the evidence" so that the court may

"trace the path of [his] reasoning."  Books v. Chater, 91 F.3d

972, 980 (7th Cir. 1996) (citations and internal quotations

omitted); Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983)

---

[1]  Claimant's counsel asserts that the ALJ found Mr. Durant's mild
mental retardation non-severe.  *See* Pl.'s Br. at 8.  As recognized by
the Defendant, however, counsel has misinterpreted the ALJ's decision.
*See* Def.'s Br. (Doc. 11) at 14 (conceding severity of mental
retardation); *see also* ALJ's Decision, R. at 15-16 (identifying
affective disorder as "non-severe," omitting reference to "non-
sever[ity]" in connection with mental retardation, and proceeding to
step three Listings, an analysis unnecessary for claimant without
severe impairments).

(same).[2]

Next is the ALJ's analysis under the Listings.  His decision
first makes reference to Section 12.00, which contains
subsections regarding various "[m]ental [d]isorders."  *See* ALJ's
Decision, R. at 16.  The decision later identifies 12.04,
regarding "[a]ffective [d]isorders," as the relevant subsection.
*See* R. at 17 (citing § 12.04, and discussing "'C' criteria"
contained therein); *see also* 20 C.F.R. Pt. 404, Subpt. P,
App. 1, § 12.04.  Notably absent from the ALJ's decision is any
reference to the Listing that addresses "[m]ental retardation"
and contains provisions regarding individuals like Mr. Durant
with IQ scores between 61 and 70.  *See* § 12.05, 12.05(C)-(D)
(persons with valid IQ scores between 61 and 70, manifested
before age 22, are disabled if they exhibit other specified
limitations); *see also* Def.'s Br. at 16-17 (conceding Mr. Durant
met threshold IQ requirements, but arguing substantive
limitations were absent).

The ALJ's Listing analysis is puzzling.  As noted above,
he concluded without explanation that Mr. Durant's affective

---

[2]  The Defendant argues that Mr. Durant's "schizoaffective disorder did
not meet the [twelve month] durational requirement" under the
"severity" regulations.  *See* Def.'s Br. at 11-12.  The flip side of
the ALJ's duty to meaningfully articulate his reasoning, however,
is the Commissioner's inability to supply independent bases for an
affirmance of the disability determination.  *See* Thompson v. Barnhart,
281 F. Supp.2d 770, 776 (E.D. Pa. 2003) ("it is impermissible for a
district court to rectify ALJ errors by making an independent analysis
and relying on information not relied upon by the ALJ") (citing
Fargnoli v. Massanari, 247 F.3d 34, 44 n.7 (3d Cir. 2001)).

disorder was non-severe.  The ALJ's subsequent analysis of the affective disorder under the Listings, which contemplate impairments so severe they are presumptively disabling, was illogical.

Meanwhile, the ALJ ignored the Listing regarding mental retardation, an admittedly severe impairment suffered by the Claimant, despite Mr. Durant's obvious qualification for the provisions addressing individuals with IQ scores between 61 and 70.

The court cannot indulge Defense counsel's independent analyses in an attempt to justify the ALJ's ultimate conclusion. *Cf.* Def.'s Br. at 15-18 (analyzing disability determination under Listing 12.05, despite ALJ's failure to mention or discuss same). A remand is necessary, and the ALJ should conduct a disability redetermination beginning at step two of the sequential analysis.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by September 18, 2006.  Responses to objections are due by September 28, 2006.

September 1, 2006

Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

Robert W. Gillikin, II, Esq.
Jessica Smolar, Esq.

-4-